Peter E. Martin, SBN 121672
Christopher Einselen SBN 294273
Peter E. Martin, A Law Corporation
917 Third Street
Eureka, California 95501
Tel: (707) 268-0445
Fax: (707) 667-0318
Email:  peter@petermartinlaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. ALLEN,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF ARCATA, RANDAL J. MENDOSA, THOMAS F. CHAPMAN, DOES 1 THROUGH 10,<br><br>        Defendants. | CASE NO.<br><br>COMPLAINT FOR VIOLATIONS OF THE FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA<br><br>(42 U.S.C. 1983)<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff GREGORY P. ALLEN, to allege:


**PARTIES**


1.   Plaintiff Gregory P. Allen is, and at all times mentioned herein was, an individual residing in the County of Humboldt, State of California, which is within the boundaries of the judicial district of the Northern District of California.


2.  Defendant City of Arcata is a municipality located within the boundaries of the judicial

GREGORY ALLEN'S COMPLAINT FOR VIOLATIONS OF THE FIRST AMENDMENT TO THE CONSTITUTION
OF THE UNITED STATES OF AMERICA

district of the Northern District of California.

3.  Defendant Thomas F. Chapman became the Chief of Police for the City of Arcata in or about March, 2010, and has been the Chief of Police since that time.

4.  Defendant Randal J. Mendosa is the former City Manager for the City of Arcata. Mendosa served as City Manger from 2008 through July, 2014.

## JURISDICTION AND VENUE

5.   This action presents a federal question and the court has federal-question jurisdiction.  The unlawful practices complained of herein occurred in Humboldt County, California, which is within the venue of this court.

## INTRADISTRICT ASSIGNMENT

6.  Pursuant to Local Rule 3-2(d), the San Francisco Division is appropriate.

## FACTUAL ALLEGATIONS

7.  Redwood Park in Arcata is a public park within the city limits.  For over a decade, Redwood Park was the site of a spontaneous gathering each April 20th to adovcate for the legalization of cannabis and to celebrate cannabis culture.  April 20th is a

counterculture holiday in North America, in which people gather to celebrate, advocate for legalization, and consume cannabis.  Observances of April 20th (hereafter "420") have regularly occurred in San Francisco, CA., Santa Cruz, CA., Boulder, CO., Denver, CO., Portland, OR., Seattle, WA., Ottowa, Ontario, Montreal, Quebec, Vancouver, British Columbia, and Arcata, CA.  The Redwood Park 420 celebration was the largest spontaneous gathering on the West Coast between San Francisco and Portland.

8.  Plaintiff Gregory P. Allen is a cannabis activist and attorney who was admitted to the California Bar in 1981.  From 1998 through 2009, plaintiff attended the annual 420 celebration in Redwood Park between six and ten times.  From 1999-2001, plaintiff served as the Director of Humboldt Medical Cannabis Center, the first cannabis dispensary in Humboldt County.  During many of the occasions that plaintiff participated in the Redwood Park 420 celebration, the event drew thousands of people, and plaintiff encountered many cannabis patients that he knew from his work at the Humboldt Medical Cannabis Center.

9.  In October, 2009, a documentary entitled "Pot City, USA" was aired on national television in which the City of Arcata was portrayed as being saturated by cannabis growing and cannabis culture.

10.  In late 2009 or early 2010, Mendosa and Chapman concocted a five-year plan to close Redwood Park on April 20th and to end the 420 gathering.  This plan was put into effect on April 20, 2010, and was continued on April 20, 2011, April 20, 2012, April 20,

2013, and April 20, 2014.  The purpose of the plan was to end the annual Redwood Park 420 celebration.  Mendosa and Chapman actively managed, sheparded, and forwarded the plan to close Redwood Park 420 by scheduling and attending planning meetings, directing subordinates, and reporting progress to the City Council.

11.  Pursuant to this plan, beginning in 2010, the City posted police officers at both entrances to Redwood Park on April 20th, and informed people who walked into the park that there was to be no 420 celebration in the park.  People who came to the park to celebrate 420 were not permitted to enter the main grassy area of the park, but were diverted into the adjacent community forest.   Police officers unlawfully singled out those persons who gathered in the community forest for increased surveillance and enforcement, writing tickets for smoking and unlicensed dogs.

12.  On April 20, 2010, plaintiff sought to attend the 420 event in Redwood Park. Plaintiff was unable to enter the main grassy area of the park, which had been cordoned off by police.  Plaintiff attended the 420 event in the adjacent community forest, where he saw police questioning people about whether their dogs were licensed, and issuing citations to the people who had gathered in the forest.  Plaintiff was appalled that the Arcata police had subjected the 420 celebrants to increased scrutiny and enforcement. Plaintiff was appalled that the City had closed Redwood Park.  Plaintiff was deterred from returning to the Redwood Park 420 event in future years due to his having been excluded from the park in 2010, and due to his observation of the differential treatment the Arcata Police afforded the 420 celebrants.  The increased scrutiny and enforcement

directed at plaintiff and the other 420 celebrants was done on account of their exercise

of their First Amendment rights, and amounted to viewpoint discrimination.


13.  In years subsequent to 2010,  the City used various excuses to close the park on

April 20th.  One year the City scheduled tree-limbing operations at both entrances to the

park on April 20th.  Another year, the City dumped 2,000 pounds of smelly fish-emulsion

fertilizer in the park to deter the 420 celebrants.  The City put up signs saying "All

marijuana laws strictly enforced" on April 20th and signs saying "No 420 Celebration."

Every year since 2010, the City has closed the park to 420 celebrants.  Defendants'

conduct abriged, chilled and violated the rights of plaintiff and the other 420 celebrants

to free speech, to peaceably assemble, and to petition for redress of grievances.


14.  The City engaged in the above-mentioned subterfuges to close the park because

Chapman and Mendosa knew their conduct violated the people's right to peaceably

assemble.  Mendosa told Kevin Stonebarger, then a police officer in Arcata, that the

five-year plan to shut down Redwood Park 420 had been approved by a majority of the

Arcata City Council.  Mendosa told Stonebarger that he met with the Councilmembers

privately to obtain their approval. Mendosa also told Stonebarger that he did not consult

with the City Attorney about the five-year plan to close Redwood Park.  Stonebarger

attended at least six planning meetings in 2010 and 2011 in which the Redwood Park

closure on April 20th was the only topic.  Mendosa and Chapman were also in

attendance at all of these meetings, as was the current City Manager Karen Diemer, the

Director of Public Works Doby Class, two police lieutenants, and Parks Director Dan

Diemer.

15.  On April 20, 2013, only a few diehard 420 celebrants attended the annual 420 event in Redwood Park.   On April 20, 2014, the event was dead; almost no one showed up to celebrate.  The 420 celebration died because Chapman, Mendosa and their allies at City Hall had succeeded in crushing this large spontaneous public gathering.  Defendants' actions as alleged in this Complaint were not narrowly tailored to serve a significant governmental interest.  Defendants' actions burdened substantially more of plaintiff's First Amandment rights than was necessary to further the government's legitimate interests.

16.  The plan to close the Redwood Park 420 celebrations was an unlawful conspiracy between Mendosa, Chapman and others, at present unknown to plaintiff, to violate plaintiff's and the other 420 celebrants' civil rights.  This five-year plan amounted to a continuous course of conduct in that it was formulated at the outset in late 2009 or early 2010, and the actions taken in subsequent years were in accordance with the original plan and conspiracy.  Therefore, the statute of limitations does not begin to run until the last act of the conspiracy is complete, which occurred on April 20, 2014, when the five-year plan, which went into effect on April 20, 2010, ran its course.

# FIRST CAUSE OF ACTION

## [By PLAINTIFF AGAINST DEFENDANTS MENDOSA AND CHAPMAN IN THEIR INDIVIDUAL CAPACITIES AND AGAINST DEFENDANT CITY OF ARCATA UNDER *MONELL*]

## [VIOLATION OF THE FIRST AMENDMENT, 42 U.S.C. 1983]

17.  Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

18.  Plaintiff and the other 420 celebrants, who have standing because plaintiff has a right to seek to protect their First Amendment rights as well as his own, had the right to speak freely, to peaceably assemble in a public park, and to petition the government for the redress of over 70 years of cannabis prohibition.  This political activity is entitled to the highest protection under the First Amendment.   Redwood Park is a traditional public forum, about which the Court observed in *Hague v. C.I.O.* (1939) 307 U.S. 496, 515 (Roberts, J., plurality opinion):

> "Wherever the title of streets and parks may rest, they have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions. Such use of the streets and public places has, from ancient times, been a part of the privileges, immunities, rights, and liberties of citizens."

19. Defendants, acting or purporting to act under color of state law, and in the performance of their official duties, violated plaintiff's and the other 420 celebrants rights to free speech, to peaceably assemble, and to petition for redress of grievances, in violation of the First Amendment to the Constitution of the United States of America.

Defendants' conduct in closing Redwood Park and in deterring, chilling and abridging the 420 celebrations was a prior restraint on plaintiff and others' exercise of their First Amendment rights.  Such a prior restraint comes to this court with a heavy presumption against its constitutional validity.  Defendants' actions herein were done intentionally or in reckless disregard of plaintiff's civil rights.

20. Plaintiff's and the other celebrants' protected First Amendment activity was a substantial or motivating factor in the defendants' violation of their civil rights.

21. When defendants Mendosa and Chapman engaged in the acts described in this complaint, they were final policymakers for the City of Arcata, acting under color of law. The Arcata City Council, the governing body for the City, knew of, approved and ratified the actions of Mendosa and Chapman in ending the 420 celebrations in Redwood Park.

22. Mendosa and Chapman are not entitled to qualified immunity because no reasonably well-trained, competent and diligent City Manager or Police Chief in the Ninth Circuit would have failed to understand that the conduct described herein was unlawful.

23. Plaintiff is entitled to an award of reasonable attorney's fees under 42 U.S.C. 1988.

24. Mendosa's and Chapman's unlawful conduct was malicious, oppressive, and in reckless and callous indifference to the constitutional rights of plaintiff and the other 420

GREGORY ALLEN'S COMPLAINT FOR VIOLATIONS OF THE FIRST AMENDMENT TO THE CONSTITUTION
OF THE UNITED STATES OF AMERICA

celebrants. Plaintiff is entitled to an award of punitive damages against Mendosa and Chapman in an amount to be proven at trial.

25. Plaintiff is entitled to injunctive relief as he has no adequate remedy at law to repair the damage the City has done to the people's right to peaceably assemble in Redwood Park on April 20th.  Defendant City should be required to bring the 420 celebrations in Redwood Park to their full strength of several thousand people that constituted the event before the defendants engaged in the unlawful conduct described herein.  To make plaintiff whole, the City should be required to advertise the celebrations, provide adequate security and facilities, and treat the celebrants with dignity and respect.

26. Plaintiff should be awarded compensatory damages for the violation of his civil rights as alleged herein.


**DEMAND FOR JURY TRIAL**


Plaintiff demans a jury trial of this action.

GREGORY ALLEN'S COMPLAINT FOR VIOLATIONS OF THE FIRST AMENDMENT TO THE CONSTITUTION
OF THE UNITED STATES OF AMERICA

**PRAYER**

WHEREFORE, plaintiff prays the Court grant relief as follows:

1.    For general damages according to proof at trial;

2.    For punitive damages against the individual defendants according to proof at trial;

3.    For injunctive relief as prayed for in this Complaint;

4.    For attorney's fees;

5.    For costs of suit;

6.    For such further relief as the court deems just and proper.

Dated: October 16, 2014                    Respectfully Submitted,

                                          /s/ Peter E. Martin

                                          _____
                                          Peter E. Martin,
                                          Chrisopher R. Einselen
                                          Attorneys for Plaintiff

GREGORY ALLEN'S COMPLAINT FOR VIOLATIONS OF THE FIRST AMENDMENT TO THE CONSTITUTION
OF THE UNITED STATES OF AMERICA